# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS

E-Filed: June 5, 2014

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| EMILY THOMPSON, | \* | No. 14-292V |
| | \* | |
| | \* | Special Master |
| Petitioner, | \* | Lisa Hamilton-Fieldman |
| | \* | |
| v. | \* | Damages; decision based on proffer; |
| | \* | influenza vaccine; shoulder injury related |
| SECRETARY OF HEALTH | \* | to vaccine administration (SIRVA). |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Michael McClaren, Memphis, TN, for Petitioner;
Althea Walker Davis, Washington, DC, for Respondent.

## PUBLISHED DECISION AWARDING DAMAGES[1]

On April 14, 2014, Emily Thompson (Petitioner) filed a petition seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 et seq., alleging that an administered influenza vaccination caused Petitioner to develop a shoulder injury related to vaccine administration (SIRVA). On May 28, 2014, Respondent filed a Rule 4 report that contained a determination that compensation was appropriate in this case. On the same date, the undersigned issued a ruling regarding damages.

---

[1]     Because this unpublished decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this order on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" order will be available to the public. Id.

1

On June 5, 2014, Respondent filed a Proffer on Award of Compensation, to which Petitioner agrees.  Based upon the record as a whole, the special master finds the proffer reasonable and that Petitioner is entitled to an award as stated in therein.  Pursuant to the attached proffer, the court awards Petitioner:

A.    **A lump sum payment of $35,000.00 in the form of a check payable to Petitioner, Emily Thompson.  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioner would be entitled.**


In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of  the court is directed to enter judgment herewith.  Any questions may be directed to my law clerk, Camille Collett  at (202) 357- 6361.

**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| EMILY THOMPSON, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | No. 14-292V |
| | ) | Special Master |
| v. | ) | Lisa Hamilton-Fieldman |
| | ) | ECF |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.    Compensation for Vaccine Injury-Related Items**

Respondent proffers that based on the evidence of record, petitioner should be awarded $35,000.00.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(1); 15(a)(3)(B); and §15(a)(4).  Petitioner agrees.

**II.    Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the special master's decision and the Court's judgment award the following:[1]

A. A lump sum payment of $35,000.00 in the form of a check payable to petitioner, Emily Thompson.  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

---

[1]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

  s/Althea Walker Davis
ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 307-3013

DATED:  June 5, 2014

2